IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER ANN BISHOP | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-2683 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                   May 28, 2008

      Upon consideration of the brief in support of review filed by plaintiff (Doc. No. 8), defendant's response and the reply thereto (Doc. Nos. 9 & 10), the court makes the following findings and conclusions:

      1.      On February 28, 2006, Jennifer Ann Bishop ("Bishop") filed for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, alleging an onset date of June 5, 2005. (Tr. 14 ¶ 1).[1] Throughout the administrative process, including an administrative hearing held on October 5, 2006 before an ALJ, Bishop's claims were denied. (Tr. 4-6; 11-20; 259-285). Pursuant to 42 U.S.C. § 405(g), Bishop filed her complaint in this court on June 27, 2007.

      2.      In his February 8, 2007 decision, the ALJ found that Bishop had impairments consisting of hypothyroidism, trigeminal neuralgia or primary trochlear headache, and left carpal tunnel syndrome but concluded that they were not severe. (Tr. 16 Findings 3 & 4). As a result, the ALJ opined that Bishop was not disabled. (Tr. 20 Finding 5).

      3.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

      4.      Bishop contends that in light of the medical evidence and testimony in the record, the ALJ erred in concluding that her trigeminal neuralgia/primary trochlear headache was

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

non-severe.  In order to meet the step two severity test, an impairment need only cause a slight abnormality that has no more than a minimal effect on the ability to do basic work activities.  20 C.F.R. § 404.1521; S.S.R. 96-3p, 85-28.  The Third Circuit Court of Appeals has held that the step two severity inquiry is a "*de minimus* screening device to dispose of groundless claims."  McCrea v. Comm. of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004); Newell v. Comm. of Soc. Sec.,  347 F.3d 541, 546 (3d Cir. 2003).  "Any doubt as to whether this showing has been made is to be resolved in favor of the applicant."  Id.  Indeed, "the Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny."  Id.

In this case, as recognized by the ALJ, Bishop has a disorder that allegedly produces fatigue, facial pain, weakness, and an inability to concentrate.  (Tr. 17 ¶ 2).  It was first diagnosed as trigeminal neuralgia and more recently as primary trochlear headache.  See e.g.  (Tr. 18 ¶ 3 - 19 ¶ 6; 89-90; 135; 233; 252).  As also noted by the ALJ, the laboratory and clinical findings in this case, including several MRI scans, are generally normal (albeit with some positive findings) and Bishop engages in a wide variety of activities of daily life (which are somewhat hampered by her impairments).  See e.g. (Tr. 17 ¶¶ 2-3; 18 ¶ 3 - 19 ¶ 6; 44-47; 54-57; 85-90; 91; 93-95; 96-106; 107-09; 193-98; 217-22; 223-24; 225-26; 233; 244-52; 264; 271-75).  However, I note that Bishop's physicians have taken her complaints seriously and have tried several medications, nerve blocks, and other therapies to alleviate her symptoms with marginal success.  (Tr. 17 ¶ 2; 85-90; 203-04; 231; 232; 246-47; 250-52).  Moreover, if Bishop's testimony and statements and her mother's statement are to be given any credence at all, it is evident that her disorder creates some disruption in her ability to perform work-type activities. See (Tr. 28-29; 44-51; 52-64; 263-282).

I agree with the ALJ that there is little, if any, medical evidence supporting the level of disability alleged by plaintiff.  I also respect that the ALJ's credibility determination is entitled to deference.  S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003).  However, I am bound by Third Circuit law which provides that benefits may be denied at step two of the sequential evaluation only if there are less than *slight* abnormalities which would have no more than a *minimal* effect on an individual's ability to work and that step two is designed to screen out only groundless claims.  McCrea, 370 F.3d at 360.  In this case, resolving any doubt in favor of the applicant, as I must under the law, I find that based upon the record evidence, Bishop's claim is not groundless and, thus, the ALJ legally erred when he found that Bishop's trigeminal neuralgia/primary trochlear headache was not a severe impairment.  Id.

As a result, this case must be remanded to the ALJ to determine whether Bishop is disabled due to her severe impairment of trigeminal neuralgia/primary trochlear headache and other non-severe impairments.

5.     Although due to the ALJ's legal error this case must be remanded, I hesitate, for based on the record, I find it highly unlikely that Bishop's impairments are severe enough to preclude all work.  See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with a social security ruling would not have changed the outcome of the case); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) (stating that "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different

result"). However, it is not my duty to make the ultimate disability determination, as that decision is reserved solely for the Commissioner. 20 C.F.R. § 404.1527(e)(1). My role is limited to determining whether the decision of the ALJ is legally sufficient and supported by substantial evidence. <u>Schaudeck</u>, 181 F.3d at 431. Therefore, the case must be remanded in order for the ALJ to supplement his findings in a manner consistent with this opinion.

       An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER ANN BISHOP | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-2683 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 28th day of May, 2008, upon consideration of the brief in support of review filed by plaintiff (Doc. No. 8), defendant's response and the reply thereto (Doc. Nos. 9 & 10) and having found after careful and independent consideration of the record that the Commissioner did not apply the correct legal standards and that the record does not contain substantial evidence to support the ALJ's findings of fact and conclusions of law, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).  Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

　　　　　　　　　　　　　　　　　　　　　　　 S/ Lowell A. Reed, Jr.
　　　　　　　　　　　　　　　　　　　　　　　LOWELL A. REED, JR., Sr. J.